**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ATC LIGHTING AND PLASTICS, INC., | ) | CASE NO. 1:10 CV 1409 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| HARLEY-DAVIDSON MOTOR | ) | |
| MOTOR COMPANY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motions to Dismiss filed by Defendant Harley-Davidson Motor Company, Inc. (Docket #4) and Defendant Lincoln Industries, Inc. (Docket #6). For the following reasons, Defendants' Motions are hereby GRANTED and this case is DISMISSED.

**Factual and Procedural Background**

Plaintiffs originally filed this case in the Ashtabula County, Ohio Court of Common Pleas, Case No 2010 CV 00578. On June 24, 2010, pursuant to 28 U.S.C. § 1332, the case was removed by Defendant Harley-Davidson Motor Company, Inc. to this Court.

In their Complaint, Plaintiffs assert claims for Civil Conspiracy as to Defendant ATC; Civil Conspiracy as to individual Plaintiffs Seymour S. Stein, Sherry Epstein, and Carol Blumenstein; Tortious Interference with a Business Relation, as well as conspiracy (as clarified in Plaintiffs' Objection Brief); Misappropriation of Trade Secrets; Breach of Contract; Intentional Interference with ATC's Business Relationship; Intentional Interference with ATC's

Contract; Breach of Fiduciary Duty; and, Breach of Good Faith, Loyalty and Fair Dealing.

ATC, an Ohio corporation with its principal place of business in Andover, Ohio, supplied headlamps to Harley-Davidson.  Harley-Davidson, a Wisconsin company, terminated its supply relationship with ATC in 2007.  ATC and Harley-Davidson had previously entered into a Master Supply Agreement that includes a Dispute Resolution and Arbitration Module, by which the ATC and Harley-Davidson agreed that if a dispute arises between the parties and is not submitted to arbitration "within six months from the date it first arose, the claims of the parties with respect to the dispute will be forever barred."  There is no dispute as to the validity of the Master Supply Agreement.

Certain claims between ATC and Harley-Davidson were arbitrated in 2007.  ATC now alleges that Harley-Davidson conspired against it to terminate its supply relationship with ATC because ATC's line of succession included women and that Harley-Davidson conspired to discriminate against ATC and the individual defendants based on age or sex, in violation of Ohio Rev. Code § 4112.02 and 42 U.S.C. § 1985(C)(3).  Further, ATC alleges that Harley-Davidson coerced ATC to enter into early negotiations with the International Union of Electrical Workers Industrial Division - Communications Workers of America AFL-CIO ("the Union"), as part of a pattern of coercion and part of a civil conspiracy to terminate its contractual relationship with ATC, because of the age or sex of the individual Defendants.  ATC claims that Harley-Davidson then used trade secrets of ATC and disclosed said trade secrets to Defendant Lincoln Industries, for use in producing headlamps and other products, displacing ATC as Harley-Davidson's supplier.  Lincoln Industries, a Nebraska company, now supplies motorcycle headlamps to Harley-Davidson, pursuant to a written agreement.

The remaining claims asserted by ATC flow from the foregoing alleged facts.

**A.     Harley-Davidson's Motion to Dismiss.**

On June 30, 2010, Defendant Harley-Davidson Motor Company, Inc. filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Docket #4.)  Harley-Davidson argues that the Court should dismiss Plaintiffs' claims because they are time-barred and ATC was obligated by the terms of the Master Supply Agreement to raise said claims years ago.  In addition, Harley-Davidson argues Plaintiffs have failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, and that each count also fails to state a claim upon which relief can be granted.

On August 6, 2010, Plaintiffs filed their Objections to Defendant Harley-Davidson's Motion to Dismiss.  (Docket #14.)  On August 20, 2010, Harley-Davidson filed a Reply Brief.  (Docket #20.)

**B.     Lincoln Industries' Motion to Dismiss.**

On July 1, 2010, Defendant Lincoln Industries filed its Motion to Dismiss (Docket #6) pursuant to Fed. R. Civ. P. 12(B)(2) or 12(b)(6), arguing that there is no basis for the exercise of personal jurisdiction over Lincoln Industries in Ohio and that Plaintiffs have not alleged facts sufficient to support their claim for injunctive relief against Lincoln Industries.

On August 12, 2010, outside of the 30-day time period set forth in the Local Rules, Plaintiffs filed their Objection to Lincoln Industries' Motion to Dismiss.  (Docket #17.)  On August 27, 2010, Lincoln Industries filed its Reply Brief.  (Docket #21.)

**Discussion**

**I.    Motion to Dismiss filed by Harley-Davidson.**

A motion to dismiss under Fed. R. of Civ. P. 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the

case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided.

**Arbitration Agreement**

The Master Supply Agreement between Harley-Davidson and ATC Lighting, and signed by Garry S. Berryman on behalf of Harley-Davidson and Seymour S. Stein on Behalf of ATC lighting, includes a "Dispute Resolution and Arbitration Module," which reads in pertinent part as follows:

> The parties' shared objective is to resolve all disputes that may arise between them as amicably and efficiently as possible, and neither party will unreasonably delay the resolution of a dispute.
>
> \* \* \*
>
> Any and all disputes of whatever nature arising between the parties, not resolved between the parties themselves or through mediation, will promptly be submitted to binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "AAA"), except as modified in this Agreement. Either or both parties may submit the dispute to the AAA. If the dispute is not submitted within six months from the date it first arose, the claims of the parties with respect to the dispute will be forever barred.

In *Glazer v. Lehman Bros.*, 394 F.3d 444, 450 (6th Cir. 2005), the Sixth Circuit stated that "any doubts regarding arbitrability must be resolved in favor of arbitration."

Harley-Davidson and ATC expressly agreed to arbitrate "any and all disputes that may arise between them" within six months from the date the dispute first arose. The claims asserted by ATC against Harley-Davidson are covered by the arbitration provision in the Master Supply Agreement. ATC failed to submit the claims set forth in the Complaint to arbitration, as required under the terms of the Master Supply Agreement.

The Court notes that certain disputes between ATC and Harley-Davidson arising relative to the retention of confidential information were previously arbitrated. See Exhibit A-1 attached to the Complaint. In Count Four, Plaintiffs allege that Defendant Harley-Davidson used and disclosed proprietary property of ATC in the form of trade secrets to Lincoln Industries, in violation of the Document Disposal and Retention Agreement that was the product of said arbitration. Paragraph B of the Document Disposal and Retention Agreement reads that it is the intent of the Parties to be bound by the terms of the Master Supply Agreement, despite their business relationship ending. Thus, the Parties explicitly articulated their intent to continue to be bound by the arbitration clause in the Master Supply Agreement.

**Individual Plaintiffs**

In Count Two of the Complaint, entitled "Claim for Civil Conspiracy – Individual Plaintiffs," Plaintiffs state that "Seymour S. Stein, Sherry Epstein, and Carol Blumenstein have the right pursuant to Ohio Rev. Code Sec. 4112.02 not to be discriminated against in their employment based on age or sex" and that Harley-Davidson and its employees "conspired to deprive Seymour S. Stein, Sherry Epstein and Carol Blumenstein of equal protection of the laws in violation of 42 U.S.C. Sec. 1985(C)(3)." Even if it were argued that the individual Plaintiffs were not parties to the Master Supply Agreement, and thus not subject to its arbitration requirements, their claim fails as a matter of law. Plaintiffs were never employees of Harley-Davidson and 42 U.S.C. § 1985(C)(3) has no application to the facts and circumstances of this case because Plaintiffs do not allege State action.

Based on the foregoing, Plaintiffs' claims against Defendant Harley-Davidson must be dismissed.

-6-

**II.     Motion to Dismiss filed by Lincoln Industries.**

Lincoln Industries argues first that it should be dismissed from this case because the Court lacks personal jurisdiction.

When personal jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating that jurisdiction is proper. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1141 (1936). The weight of the plaintiff's burden depends on whether the court chooses to rule on written submissions or to hear evidence on the personal jurisdiction issue. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. Mich. 1989). If the court rules on written submissions alone, the plaintiff must make a prima facie showing that personal jurisdiction exists in order to defeat dismissal. *Theunissen*, 935 F.2d at 1458-1459. In the face of a properly supported motion to dismiss, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Id.*; *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. Ohio 1974).

To determine whether personal jurisdiction is proper in a diversity case, a district court must apply the law of the state in which it sits. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. Ohio 1993); *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. Ohio 1980), cert. denied, 450 U.S. 981, 67 L. Ed. 2d 816, 101 S. Ct. 1517 (1981). An Ohio court can exercise personal jurisdiction over a defendant if: 1) personal jurisdiction is conferred by Ohio's Long Arm Statute, Ohio Rev. Code 2307.382 and 2) the exercise of personal jurisdiction satisfies the Due Process requirements of the Fourteenth Amendment. *See Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 511 (6th Cir. Ohio 2006).

Ohio Rev. Code § 2307.382(A) lists nine ways in which a defendant may subject himself to the jurisdiction of Ohio courts. The Court must analyze each cause of action to determine whether that particular cause of action arose out of the defendant's contacts with Ohio. *Preferred RX, Inc. v. Am. Prescription Plan, Inc.*, 46 F.3d 535, 550 (6th Cir. Ohio 1995). If the Ohio long-arm statute does not provide a basis for the exercise of personal jurisdiction over the nonresident defendant, jurisdiction is unavailable even if the exercise of such would not violate due process. *Diebold, Inc., v. Firstcard Financial Services, Inc*., 104 F.Supp.2d 758, 762 (N.D. Ohio 2000); *Keybank Nat'l Ass'n v. Tawill*, 128 Ohio App. 3d 451, 456, 715 N.E.2d 243 (Cuyahoga County 1998) (when court has determined that in personam jurisdiction does not exist under the long-arm statute, it is unnecessary to determine whether jurisdiction would comport with due process of law).

ATC's only claim against Lincoln Industries is set forth in Count Four of the Complaint. In Count Four, Plaintiffs state, "Defendant HD used and disclosed proprietary property of ATC in the form of trade secrets to a third party competitor, Defendant Lincoln Plating, for use in producing headlamps and other products by Lincoln Plating, displacing Plaintiff as HD's supplier." Plaintiff continues, "The continued use and dissemination of ATC's trade secrets by HD and Lincoln Plating will cause great, immediate and irreparable harm to ATC."

Plaintiffs have failed to establish that this Court has personal jurisdiction over Lincoln Industries. Plaintiffs rely solely on Ohio Rev. Code § 2307.382(A)(6), which allows the Court to exercise personal jurisdiction over a person who causes "tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." This

Section requires that Lincoln Industries have the "purpose of injuring" Plaintiffs and that Lincoln Industries have the reasonable expectation that Plaintiffs would be injured in Ohio.

Lincoln Industries submitted the Affidavit of Yadi Kamelian, a Vice President of Defendant Lincoln Industries.  Mr. Kamelian details Lincoln Industries' lack of contacts with the State of Ohio; states that the design for the headlamps Lincoln Industries supplies to Harley-Davidson was supplied to it by Harley-Davidson; and, states that none of the information supplied to it by Harley-Davidson was identified as the proprietary information of ATC.  Plaintiffs filed a Motion to Strike Mr. Kamelian's Affidavit, arguing that consideration of the Affidavit would require to treat the pending Motions to Dismiss as motions for summary judgment, thus necessitating discovery.

The Court may consider affidavits in deciding a motion to dismiss for lack of personal jurisdiction.  *Weldon F. Stump & Co. v. Delta Metalforming Co.*, 793 F.Supp. 157, 158 (N.D. Ohio 1992).  Aside from their Motion to Strike, Plaintiffs do not otherwise address the statements made by Mr. Kamelian in his Affidavit and have not submitted an affidavit in response.  Unlike the allegations raised by Plaintiffs against Defendant Harley-Davidson, there is no allegation that Lincoln Industries acted with the "purpose of injuring" Plaintiffs, a requirement under Ohio Rev. Code § 2307.382(A)(6).  Plaintiffs allege that Harley-Davidson disclosed trade secrets to Lincoln Industries and that the continued use of the alleged trade secrets by Lincoln Industries will injure Plaintiffs.  This does not amount to a purpose to injure Plaintiffs on the part of Lincoln Industries.  Plaintiffs failed to present additional facts which would support this Court's exercise of jurisdiction over Defendant Lincoln Industries under Ohio Rev. Code § 2307.382(A)(6) and there is no other basis upon which to establish jurisdiction.  This Court does not have personal jurisdiction over Defendant Lincoln Industries and the Motion to Dismiss filed by Lincoln Industries must be granted.

Because Ohio's long-arm statute does not confer personal jurisdiction over Defendant Lincoln Industries, the Court need not address whether exercising jurisdiction over Lincoln Industries would comport with due process.

**Conclusion**

The Motion to Dismiss filed by Defendant Harley-Davidson Motor Company, Inc. pursuant to Fed. R. Civ. P. 12(b)(6) (Docket #4) is hereby GRANTED. Plaintiffs' claims against Defendant Harley-Davidson are hereby DISMISSED WITH PREJUDICE.

The Motion to Dismiss filed by Defendant Lincoln Industries (Docket #6) is hereby GRANTED. This Court lacks personal jurisdiction over Defendant Lincoln Industries. Plaintiffs' claim against Defendant Lincoln Industries is hereby DISMISSED WITHOUT PREJUDICE.

The Motion to Strike filed by Plaintiffs (Docket #16) is hereby DENIED.

IT IS SO ORDERED.

                                                                s/Donald C. Nugent
                                                                 DONALD C. NUGENT
                                                                 United States District Judge

DATED:   October 27, 2010